# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3723 | **DATE** | 2/14/2013 |
| **CASE TITLE** | PNC Bank, National Association vs. City of Elgin, et al. | | |

**DOCKET ENTRY TEXT**

Defendant John R. Hall's Motion to Dismiss Count III [18] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On May 15, 2012, Plaintiff PNC Bank, National Association, successor to National City Bank, successor to Mid America Bank, fsb ("PNC Bank") initiated this three-count foreclosure action against Defendants John Hall Custom Homes, St. Charles, Illinois, Inc. ("Custom Homes"), the Board of Managers of Tall Oaks of Elgin Homeowners Association, the City of Elgin, and John R. Hall ("Hall"). Before the Court is Hall's Motion to dismiss Count III for breach of contract. For the following reasons, the motion is denied.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [its] favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted). "In deciding a Rule 12(b)(6) motion, the court may also consider documents attached to the pleading without converting the motion into one for summary judgment." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 556 (7th Cir. 2012) (citing Fed. R. Civ. P. 10(c)). "Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support [its] claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

As relevant here, PNC Bank alleges that Hall individually executed a Commercial Guaranty in favor of Mid America Bank under two Promissory Notes on an open and continuing basis. PNC Bank avers that the terms of the Notes were subsequently modified, but not satisfied, by the terms of Note Modification Agreements executed by Hall, as Vice President of Custom Homes, and individually as Guarantor. PNC Bank alleges that Custom Homes has defaulted on the Notes and that Hall has breached his obligations under

the Guaranty by failing to perform Custom Homes' obligations under the Notes. PNC Bank further alleges that, as of May 7, 2012, $279,754.93 is due on the Notes.

Hall argues that he did not guarantee anything in his individual capacity, and that he only exercised his authority to agree to the Notes and Modifications in his corporate capacity as Vice President. Hall contends that by inserting "pres" next to his signature on the Guarantor(s) Consent to the Note Modifications he is not personally responsible or liable under the Notes. Compl. Ex. I-J. Hall's conclusory argument is unsupported by case law, and is otherwise without merit. "In Illinois, a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." F.D.I.C. v. Rayman, 117 F.3d 994, 998 (7th Cir. 1997) (citations omitted). As PNC Bank points out, the Commercial Guaranty unequivocally provides that "John R. Hall" is the Guarantor. Likewise, the Guarantor(s) Consent to the Note Modifications signature line specifically states "John R. Hall," not, for example, "John R. Hall, II, Vice President." Because the terms of the Commercial Guaranty are clear and unambiguous, "it is presumed that the parties meant what their language clearly imports." Roth v. Dillavou, 835 N.E. 2d 425, 430 (Ill. App. Ct. 2005) (internal quotation marks and citation omitted). The Court therefore rejects Hall's argument that "[i]t would be impossible for the defendant personally to be held liable on the basis of a personal guaranty or personal approval of a loan modification based on a personal guaranty." Mot. To Dismiss Count III, at 2-3. The Court finds that Count III is sufficiently pleaded under Twombly and its progeny. Accordingly, Hall's motion is denied.

IT IS SO ORDERED.

12C3723 PNC Bank, National Association vs. City of Elgin, et al.

Page 2 of 2